P. DAVIS OLIVER (DC Bar No. 490620)
Email:  oliverp@@sec.gov
JOHN M. MCNULTY (DC Bar No. 1009211)
Email: mcnulty@sec.gov
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-8920

LOCAL COUNSEL
STEPHEN KAM (Cal. Bar. No. 327576)
Email: kams@sec.gov
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998

Attorneys for Plaintiff
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>JOHN J. KRALIK, JKV CAPITAL, LLC, and JKV LLC,<br><br>            Defendants, and<br><br>JKV HOMES, LLC,<br><br>            Relief Defendant. | Case No. 8:24-cv-01460-JVS-DFM<br><br>**STIPULATED PROTECTIVE ORDER** |

1.     **Definitions**

1.1     "Action" means *Securities and Exchange Commission v. John J. Kralik V et al.*, Case No. 8:24-cv-01460-JVS-DFM (C.D. Cal. filed July 2, 2024).

1.2 "Confidential Information" means any information of any type, kind, or character (regardless of how it is generated, stored or maintained) that qualify for protection under the Federal Rule of Civil Procedure, which may include, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties) that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise. The following information shall be automatically deemed "Confidential Information" regardless of whether that information is designated or marked as "Confidential": social security numbers, financial account numbers, and the names of minor children.

1.3 "Qualified Persons" means:

a.     the party, if a natural person;

b.     if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, by their receipt of Confidential Information, are bound by the terms of this Protective Order;

c.     retained counsel for the parties in this litigation and their

respective staff;

d.      this court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation;

e.      actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, by their receipt of Confidential Information are bound by the terms of this Protective Order;

f.      jury and trial consultants and their staff and mock jurors who, by their receipt of Confidential Information are bound by the terms of this Protective Order;

g.      litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

h.      any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy; and

i.      during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary and who, by their receipt of Confidential Information are bound by the terms of this Protective Order.

## 2.   Designation Criteria

a.      A party shall designate as "Confidential" only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

b.      Information and documents that may be designated as Confidential Information include, but are not limited to: (1) information prohibited from disclosure by statute;(2) research, technical, commercial or financial information that the party has maintained as confidential; (3) medical information concerning any individual; (4) personal identity information; (5) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (6) personnel or employment records of a person who is not a party  to the Action and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

c.      Correspondence and other communications between the parties or with nonparties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

d.      Confidential Information shall not include information that either:

i.      is in the public domain at the time of disclosure, as

evidenced by a written document;

      ii.    becomes part of the public domain through no fault of the

recipient, as evidenced by a written document;

      iii.    the receiving party can show by written document was in its

rightful and lawful possession at the time of disclosure; or

      iv.    lawfully comes into the recipient's possession subsequent to

the time of disclosure from another source without restriction as to disclosure,

provided such third party has the right to make the disclosure to the receiving party.

**3.**    **Use of Confidential Information**

All Confidential Information provided by any party or nonparty in the

course of this litigation shall be used solely for the purpose of preparation, trial, and

appeal of this litigation and for no other purpose, and shall not be disclosed except in

accordance with the terms of this Order.

**4.**    **SEC Uses of Confidential Information**

a.    Notwithstanding paragraphs 2 and 3 or any other provision of this

Confidentiality and Protective Order to the contrary, nothing in this Protective Order

shall:

      i.    limit or restrict SEC's retention, use, or disclosure of

Confidential Information for any of the "Routine Uses of Information" identified in

SEC Form 1662 ("Supplemental Information for Persons Requested to Supply

Information Voluntarily or Directed to Supply Information Pursuant to a Commission

Subpoena"), or otherwise interfere with the use of information for law enforcement activities or to regulate and administer the federal securities laws;

        ii.      apply to or in any manner condition, limit, or infringe the Commission's congressionally-mandated and authorized obligation to cooperate with other federal, state, local, or foreign law enforcement or regulatory agencies, including without limitation sharing Confidential Information with other federal, state, local, or foreign law enforcement and/or regulatory agencies; or

        iii.      limit or restrict the retention, use, or disclosure of Confidential Information to the extent the SEC or its staff determines that such retention, use, or disclosure is required by the Freedom of Information Act, 5 U.S.C. § 552, et seq. ("FOIA"), or to fulfill the SEC's recordkeeping, governmental reporting, or archival obligations.

## 5.    Designating Confidential Information

Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential." The designation should be made in a fashion or form that is conspicuous yet allows the Confidential Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**6.    Disclosure at Depositions**

a.    Information disclosed at (1) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (2) the deposition of a nonparty may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential."

b.    Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information. All deposition transcripts shall be treated as Confidential Information for a period of 30 days after initial receipt of the transcript.

c.    To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

d.    Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which

Confidential Information is being used or discussed.

### 7.    Disclosure to Qualified Persons

Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure). The receiving party shall seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information.

### 8.    Unintentional Disclosures

a.    Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

b.    If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9.    Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the

documents shall be treated as Confidential Information during inspection. At the time of copying for the receiving parties, Confidential Information shall be marked prominently "Confidential" by the producing party.

### 10.    Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information.

### 11.    Challenging the Designation of Confidential Information

A party shall not be obligated to challenge the propriety of a designation Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential Information. The designating party shall then have 14

days to move the court for an order preserving the designated status of the disputed

information. The disputed information shall remain Confidential Information unless

the court orders otherwise. Failure to move for an order shall constitute a termination

of the status of such item as Confidential Information.

**12.     Challenging Release of Confidential Information to Qualified Persons**

In the event that any party in good faith believes that a particular Qualified

Person or the disclosure of particular Confidential Information to such person should

be precluded, the objecting party shall give written notice to the opposing party and

the parties shall first try to resolve the dispute in good faith on an informal basis. If

the dispute cannot be resolved, the objecting party shall have 21 days from the date of

the written notice to move the court for an order denying the disputed person (a)

status as a Qualified Person, or (b) access to particular Confidential Information. The

objecting party shall demonstrate that disclosure to the disputed person would expose

the objecting party to a substantial risk of harm. Upon the timely filing of such a

motion, no disclosure of Confidential Information shall be made to the disputed

person unless the court enters an order preserving the designation.

**13.     Manner of Use in Proceedings**

a.   In the event a party wishes to use any Confidential Information in

affidavits, declarations, briefs, memoranda of law, or other papers filed in this

litigation, the party shall do one of the following: (1) with the consent of the

producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

b.      Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Confidential Information at a hearing or trial and the status of Confidential Information resulting from any such use will be determined by the court.

### 14.  Filing Under Seal

The parties acknowledge that this Stipulated Protective Order does not create an entitlement to file Confidential Information under seal.  Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 15.  Duration

Once a case proceeds to trial, information that was designated as Confidential or maintained pursuant to this protective order that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. Accordingly, the terms of this protective order do not extend beyond the commencement of the trial as to all such information that becomes public.

### 16.    Duty to Ensure Compliance

Any party providing Confidential Information to a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 17.    Waiver

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work- product protection is waived by disclosure connected with this Action.

### 18.    Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

### 19.    No Prior Judicial Determination

This Order is entered based on the representations of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential Information by counsel or the parties is entitled to be filed under seal or protected under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

### 20.    Persons Bound

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by

its terms.

**21.    Violation**

Any violation of this Order may be punished by appropriate measures

including, without limitation, contempt proceedings and/or monetary sanctions.

**It is SO ORDERED.**

**SIGNED** this  3rd  day of December, 2024

---------------------------------------------------

HON. DOUGLAS F. McCORMICK
United States Magistrate Judge